494 April 2, 2025 No. 299

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOHN LEE VALERO,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV43357; A182625

Claudia M. Burton, Senior Judge.

Submitted February 7, 2025.

Jedediah Peterson and Equal Justice Law filed the brief
for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Michael A. Casper, Assistant Attorney
General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and
Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner, who was convicted of sex abuse and sodomy against his granddaughters, P and A, appeals a judgment denying him post-conviction relief (PCR). On appeal, he asserts three assignments of error alleging that the PCR court erred in denying him relief on his ineffective assistance of counsel claims. Those claims related to trial counsel's decision not to file a motion under OEC 412 to ensure that other disclosures by P and A would be admitted. We affirm.

We review a post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief, under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent").

All three of petitioner's assignments of error relate to P and A's disclosures of sex abuse by a different perpetrator. During their CARES interviews, P and A both disclosed that, in addition to the abuse by defendant, they had also been sexually abused by their father. Petitioner's theory at trial was that P and A's father was solely responsible for any sexual abuse, and the children were confusing that abuse with some innocent roughhousing that occurred with defendant. The prosecutor initially informed trial counsel that the state would object to the admission of the disclosures at CARES because they involved the victims' past sexual behavior. *See* OEC 412(1)(a) (limiting the admission of "evidence of the past sexual behavior of an alleged victim"). To admit the evidence over the state's objection, trial counsel would have been required to move for its admission under OEC 412(4).[1]

---

[1]   OEC 412(4) provides, in relevant part:

"If the person accused of a crime *** intends to offer evidence under subsection (2) or (3) of this section, the accused or the respondent shall make a

However, once petitioner indicated that he would waive his right to a jury trial, the prosecutor withdrew any objection to the admission of the CARES recordings in order to "move things along." During its case in chief, the state introduced the CARES tapes in their entirety, which, according to trial counsel's testimony, rendered any need to file a motion for their admission moot.

Petitioner's argument that trial counsel rendered deficient performance relating to the failure to file an OEC 412 motion is without merit. Petitioner now[2] argues that trial counsel's failure to file a motion under OEC 412 meant that the disclosures may not have been actually admitted into evidence. Assuming without deciding that petitioner's current argument is preserved, however, there is no reason to conclude that the disclosures were not admitted into the record and considered by the court as factfinder. The state offered the CARES tape, there was no objection, and the tape was played in its entirety at trial. Trial counsel reasonably did not file an OEC 412 motion requesting the admission of evidence because its admission was stipulated. And given that the evidence was admitted, even if counsel's decision not to file an OEC 412 motion amounted to deficient performance, that decision had no impact on the outcome of the proceeding.

Affirmed.

---

written motion to offer the evidence not later than 15 days before the date on which the trial in which the evidence is to be offered is scheduled to begin."

[2] Petitioner's arguments have materially shifted from those he presented below. Before the PCR court, the thrust of petitioner's argument was that trial counsel forced petitioner to waive jury because she had failed to file an OEC 412 motion. The PCR court rejected the factual basis of that argument, concluding that "the stipulation between counsel that a 412 motion would not be needed was a result of, not the cause, of petitioner's jury waiver" and that petitioner's decision to waive his jury trial right was "unrelated to the issue of a 412 motion." We assume without deciding that petitioner's current argument is preserved.